REVISED MARCH 17, 2003

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 02-20697

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

VERSUS

JESUS RODRIGUEZ-RODRIGUEZ,

Defendant – Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

---

February 27, 2003

Before HIGGINBOTHAM, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Jesus Rodriguez-Rodriguez ("Rodriguez") appeals his sentence for illegal reentry after deportation. The issue is whether the Texas offenses of burglary of a building and unauthorized use of a motor vehicle are crimes of violence under the 2001 version of United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii), requiring the enhanced sentence imposed on

Rodriguez. We hold that they are not.

Rodriguez was deported from the United States in August 1995. After being found in a Texas prison on June 29, 2000, he pleaded guilty to a one-count indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).

The presentence report chronicled Rodriguez's criminal history, including Texas convictions of burglary of a building in 1990 and unauthorized use of a motor vehicle ("UUMV") in 1993. Classifying those offenses as crimes of violence, the probation officer recommended a sixteen-level increase in Rodriguez's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Rodriguez objected to the increase, contending that burglary of a building and UUMV were not crimes of violence for purposes of § 2L1.2(b)(1)(A)(ii) and that an eight-level increase for having committed a prior aggravated felony applied instead. The district court overruled the objection and sentenced Rodriguez to seventy-nine months' imprisonment and three years' supervised release. Rodriguez filed a timely notice of appeal.

We review this challenge to the district court's application of § 2L1.2 de novo.[1] The guidelines' commentary is given controlling weight in our review if it is not plainly erroneous or inconsistent with the guidelines.[2]

---

[1] United States v. Charles, 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc).

[2] Id. at 312.

The 2001 version of § 2L1.2, under which Rodriguez was sentenced, provides for a sixteen-point increase in the base offense level if the defendant previously was deported after a conviction for a felony that is a crime of violence.[3] According to Application Note 1(B)(ii) of the commentary, "crime of violence"

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.[4]

Because burglary of a building and UUMV are not among the offenses enumerated in Application Note 1(B)(ii)(II), they are crimes of violence only if they have as an element "the use, attempted use, or threatened use of physical force against the person of another."[5] We need not discuss the facts underlying Rodriguez's convictions, "since we look only to the fact of conviction and the statutory definition of the prior offense to determine whether a prior conviction qualifies as a predicate offense for sentencing

---

[3] See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2001).

[4] Id. § 2L1.2, comment. (n.1(B)(ii)).

[5] See United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002). Our cases recognize that burglary of a building and burglary of a dwelling or habitation are distinct offenses. See, e.g., United States v. Turner, 305 F.3d 349, 351 (5th Cir. 2002); United States v. Albert Jackson, 22 F.3d 583, 585 (5th Cir. 1994).

enhancement purposes."[6]

Under Texas law, a person commits burglary of a building if, without the effective consent of the owner, he:

> (1) enters a . . . building . . . not then open to the public, with intent to commit a felony, theft, or an assault; or (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building . . . ; or (3) enters a building . . . and commits or attempts to commit a felony, theft, or an assault.[7]

And a person commits UUMV "if he intentionally or knowingly operates another's . . . motor-propelled vehicle without the effective consent of the owner."[8] Although violent confrontations may occur in the course of each offense, neither _requires_ the actual, attempted, or threatened use of physical force as a necessary element.[9] Therefore, Rodriguez's prior convictions of

---

[6] _United States v. Vargas-Duran_, 319 F.3d 194, 196 (5th Cir. 2003) (internal quotation and citation omitted).

[7] TEXAS PENAL CODE ANN. § 30.02(a) (West Supp. 2003).

[8] TEXAS PENAL CODE ANN. § 31.07(a) (West 1994).

[9] We have held in cases applying language identical to the commentary accompanying § 2L1.2 that burglary of a building is not a crime of violence as a categorical matter because the state need not prove the use, attempted use, or threatened use of physical force against the person of another to secure a conviction. _See Turner_, 305 F.3d at 351("The statutory elements of burglary of a building do not make it a per se crime of violence, because they do not necessarily involve use of physical force against the person of another." ); _see also United States v. Rodriguez-Guzman_, 56 F.3d 18, 20 (5th Cir. 1995) ("To obtain a conviction under the . . . Texas burglary statutes, the state need not prove the use, attempted use, or threatened use of physical force against the person . . . of another."). Thus, our categorical approach means that Rodriguez is not eligible for a crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii) even if his conviction was premised on his entry of a building without the effective consent of the owner

those offenses do not support a sixteen-level crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii).

In summary, then, we hold that the Texas offenses of burglary of a building and UUMV are not crimes of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because neither offense is listed in Application Note 1(B)(ii)(II) or has as an element the use, attempted use, or threatened use of physical force against the person of another. Accordingly, we vacate Rodriguez's sentence and remand the case for resentencing in the light of this opinion.[10]

---

and commission of an assault or other violent felony therein. This is so because a sentencing court may not consider the conduct underlying a prior conviction when applying § 2L1.2(b)(1)(A)(ii). See U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)); Vargas-Duran, 319 F.3d at 196; see also Rayo-Valdez, 302 F.3d at 318 (recognizing that "the § 2L1.2 definition has eliminated the possibility that a non-enumerated crime risking use of physical force could qualify as a 'crime of violence'").

[10] As Rodriguez conceded in the district court, his Texas convictions trigger an eight-level aggravated-felony enhancement. See U.S.S.G. § 2L1.2(b)(1)(C). "For purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony." Id. § 2L1.2, comment. (n.2). Section 1101(a)(43) provides that "aggravated felony" means, among other things, "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). This court has held that both burglary of a building and UUMV are per se crimes of violence under 18 U.S.C. § 16(b). See Rodriguez-Guzman, 56 F.3d at 21 (burglary of a building); United States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir. 1999) (UUMV). Thus, Rodriguez's crimes do not qualify for § 2L1.2's crime-of-violence enhancement, but they are "crimes of violence" for purposes of § 2L1.2's aggravated-felony enhancement. The confusion created by having multiple definitions of the term "crime of violence" in the United States Code and the Sentencing Guidelines has not escaped this court's notice. See United States v. Charles, 301 F.3d 309, 315–16 (5th Cir. 2002) (en banc) (DeMoss, J., specially

**VACATED AND REMANDED.**

---

concurring).