United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-20777
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARDENAS-GARCIA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-826-1
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Cardenas-Garcia ("Cardenas") appeals his sentence for illegal reentry after deportation. Cardenas argues that the district court erred in applying the 16-level increase pursuant to the 2001 version of United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii).

The district court construed Cardenas pleadings as arguing that to qualify as a crime of violence for the purpose of § 2L1.2(b)(1)(A)(ii), his prior offense must satisfy both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subparagraphs I and II of the definition of "crime of violence" in application note 1(B)(ii).  The district court found that both subparagraphs need not be satisfied.  Although in his appellate brief Cardenas has emphasized the "and" which connects the two subparagraphs, Cardenas makes no argument and cites no legal authority for the proposition that both subparagraphs must be satisfied in order for this conviction to be a crime of violence.  Accordingly, he has waived this issue on appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Cardenas now argues that his prior state felony conviction for assault-family violence under Texas Penal Code § 22.01 is not a crime of violence as defined in either subparagraph of application note 1(B)(ii) to § 2L1.2.  Because Cardenas did not raise this argument in the district court, it is reviewed for plain error. Plain error must be clear or obvious and must affect the appellant's substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Because assault-family violence under Texas Penal Code § 22.01 (a non-aggravated offense) is not listed in application note 1(B)(ii)(II), it is a crime of violence only if it has as an element "the use, attempted use, or threatened use of physical force against the person of another."  § 2L1.2, comment. (n.1(B)(ii)(I)); see United States v. Rodriguez-Rodriguez, 323 F.3d 317, 318 (5th Cir. 2003); United States v. Rayo-Valdez,

2

302 F.3d 314, 316 (5th Cir.), <u>cert. denied</u>, 123 S. Ct. 694 (2002). Because Cardenas' assault-family violence was enhanced to a felony, the only provision under which he could have been convicted was Texas Penal Code § 22.01(a)(1).  TEXAS PENAL CODE § 22.01(b)(2).

Because Texas Penal Code § 22.01(a) requires that the perpetrator cause bodily injury, that provision has as an element the use of physical force against another person. <u>United States v. Shelton</u>, __ F.3d ___, 2003 WL 1227611, *4, *6 (5th Cir. Mar. 18, 2003) (interpreting the elements of § 22.01(a) in the context of a 18 U.S.C. § 922(g)(9) conviction).  Accordingly, Cardenas' conviction under § 22.01(a)(1) is a crime of violence as defined in application note 1(B)(ii)(I), and the district court committed no error, much less plain error, in applying the 16-level increase under § 2L1.2(b)(1)(A)(ii).

<u>Shelton</u> also distinguished Texas Penal Code § 22.01(a)(1) from the statute at issue in <u>United States v. Gracia-Cantu</u>, 302 F.3d 308 (5th Cir. 2002), injury to a child under Texas Penal Code § 22.04(a).  <u>Shelton</u>, 2003 WL 1227611 at *6.  In <u>Gracia-Cantu</u>, 302 F.3d at 311-12, this court held under the pre-amendment version of § 2L1.2 that injury to a child under § 22.04(a) did not require that physical force be used because that statute provided that the injury could be the result of omission and, thus, was not a crime of violence.  <u>Shelton</u> held that "despite the broad `results-oriented' language, because <u>Gracia-Cantu</u> involves a predicate offense that is materially different from that at issue, it is not

3

controlling."  <u>Shelton</u>, 2003 WL 1227611 at *6.

AFFIRMED.