United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50565
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO URIBE-GARCIA

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Western District of Texas, Midland-Odessa Division
(MO-02-CR-121-ALL)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

        In this appeal we review Defendant - Appellant, Roberto Uribe-Garcia's (hereinafter,

"Uribe") conviction and sentence for illegal reentry into the United States following deportation.

For the following reasons, we affirm the conviction and sentence.

_____

        [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Uribe was charged pursuant to 8 U.S.C. §§ 1326(a) & (b) with illegal reentry into the United States following deportation. The United States filed a notice of sentencing enhancement based on Uribe's prior state-court conviction for assault with the intent to inflict serious injury. Uribe pleaded guilty, without a plea agreement.

Uribe's PSR calculated a total offense level of 21, which included a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to Uribe's previous deportation subsequent to his state-court conviction for assault. The PSR characterized this conviction as a "crime of violence." Uribe's offense score, along with his criminal history category of I, resulted in a guideline sentencing range of 37 to 46 months of imprisonment.

Uribe objected to the 16-level increase, arguing that his prior state-court assault conviction did not qualify as a "crime of violence" because it was not specifically included in the enumerated list of offenses constituting "crimes of violence" under the sentencing guideline's definition of that term. Uribe also argues that his state-court assault conviction was designated as an aggravated misdemeanor under state law, and that he should receive only an 8-level increase under § 2L1.2(b)(c). The district court overruled Uribe's objection and sentenced him to 37 months imprisonment. This appeal timely followed.

## III.

## CRIME OF VIOLENCE

We review the district court's interpretation of the sentencing guidelines de novo. *United States v. Charles*, 301 F.3d 309, 312-313 (5th Cir. 2002). In our analysis, the commentary to the

guidelines is given controlling weight if it is not erroneous or inconsistent with the guidelines themselves. *Id.* at 312.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires a 16-level increase to the base offense level if the defendant has been previously deported after a conviction for a felony that is a "crime of violence." Aggravated felonies that do not qualify as "crimes of violence" merit only an 8-level increase pursuant to § 2L1.2(b)(1)(c). The commentary defines a "crime of violence" as "an offense (I) that has an element the use, attempted use, or threatened use of physical force against the person of another and (II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses..." U.S.S.G. § 2L1.2, comment. (n. 1(B)(ii)(I) and (II)).

Uribe contends that because subsections (I) and (II) are joined by the conjunction "and," both conditions must be satisfied for an offense to qualify for a 16-level enhancement. Because his state-court conviction for assault with the intent to inflict serious injury is not specifically listed under subsection (II), Uribe argues that it does not constitute a "crime of violence."

However, Uribe acknowledges that his state-court conviction was for an assault that constitutes an "aggravated felony" for the purposes of the sentencing guidelines because the term of incarceration was for more than one year. 8 U.S.C. § 1101(a)(43). In addition, the nature of Uribe's state-court offense was an aggravated assault, which satisfies both subsections (I) and (II) of the guideline's definition of a "crime of violence." *United States v. Vargas-Duran*, 319 F.3d 194, 196 (5th Cir. 2003); *United States v. Rodriguez*, 323 F.3d 317, 318 (5th Cir. 2003). Accordingly, the district court was correct in applying a 16-level increase to Uribe's base offense level.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence.