United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-40039
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEXANDER ROMERO RODRIGUEZ,
also known as Carlos Garcia,

Defendant-Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-426-1
--------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

Jose Alexander Romero Rodriguez appeals his conviction and sentence for being unlawfully

found in the United States after having been deported following a conviction for an aggravated

felony. Rodriguez was sentenced to 77 months of imprisonment and three years of supervised

release. He argues that the district court lacked jurisdiction to convict him because Apprendi v. New

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

Jersey, 530 U.S. 466 (2000), rendered 8 U.S.C. §§ 1326(b)(1) & (b)(2) unconstitutional. Rodriguez concedes that this argument is foreclosed and raises it only to preserve possible Supreme Court review. Apprendi did not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, Rodriguez's conviction is affirmed.

Rodriguez also contends that the district court erred by increasing his offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2002). Rodriguez argues that his two prior New Jersey state convictions for third-degree burglary do not qualify as crimes of violence. Because Rodriguez did not raise this issue before the district court, it is reviewable only for plain error. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a 16-level increase when a defendant was previously deported after a conviction for a crime of violence. Burglary of a dwelling is one of the offenses specifically enumerated as a "crime of violence" under this section. U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)(II)). In determining whether an offense meets the definition of a crime of violence, we do not look to the facts underlying the offense. Rather, we examine only the elements of the offense. See United States v. Rodriguez-Rodriguez, 323 F.3d 317, 318-19 (5th Cir. 2003). One approach, if a statute contains disjunctive elements, is to look to the charging instrument. See United States v. Calderon-Pena, 339 F.3d 320, 327-29 (5th Cir. 2003), modified, 357 F.3d 320, 327-29 (5th Cir. 2004), vacated for rehearing en banc, 2004 U.S. App. LEXIS 4265 (5th Cir. Mar. 4, 2004). That methodology, however, would not change the result here, as we will explain.

Even if, arguendo, we were to look to the charging instruments or judgments of conviction, it is not clear, from those documents, that Rodriguez's prior convictions were for burglary of a

dwelling, so the district court clearly erred in applying the 16-level enhancement for prior conviction of a crime of violence. Structure is defined as "any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." N.J. STAT. Ann. § 2C:18-1 (1997). Thus, the language of the statute encompasses a broader range of conduct than that which is enumerated as a crime of violence under U.S.S.G. § 2L1.2, and we must examine the charging instruments.

Rodriguez was indicted for "unlawfully enter[ing] the structure of Ricardo Cruz at 78 Deerfield Road, with the purpose to commit an offense therein." Given the broad definition of "structure" under New Jersey law, the indictment does not clearly refer to a dwelling.

With respect to the second burglary offense, Rodriguez waived indictment and agreed to be charged on the accusation that he committed burglary. The charging instrument did not contain any specific facts indicating that the burglary involved a dwelling.

Because it is not clear from the charging instruments or judgments of conviction that Rodriguez's prior convictions were for burglary of a dwelling, the district court clearly erred in applying the 16-level enhancement for prior conviction of a crime of violence. See U.S.S.G. § 2L1.2(b)(1)(A). Rodriguez's substantial rights were affected because this increased the applicable guidelines sentencing range, and he has established plain error. See United States v. Alarcon, 261 F.3d 416, 423 (5th Cir. 2001). Accordingly, we vacate his sentence and remand to the district court for resentencing in accordance with this opinion.

> CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.