United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51176
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GARCIA-MARQUEZ, also known as Juan Carlos Noris,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1154-ALL-PM
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Juan Garcia-Marquez appeals the 30-month sentence imposed
following his conviction on a guilty plea to a charge of
attempting to enter, entering, and being found illegally in the
United States in violation of 8 U.S.C. § 1326.

Garcia-Marquez asserts that the district court erred when it
imposed an eight-level increase to his base offense level
pursuant to U.S.S.G. §2L1.2(b)(1)(C).  He contends that his prior
conviction for a non-residential burglary is not an aggravated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

felony because the offense did not "contemplate violence or actual use of physical force against a victim." He asserts that only a four-level increase under U.S.S.G. §2L1.2(b)(1)(D) was warranted.

We review the district court's application of the Sentencing Guidelines de novo. United States v. Rodriquez-Rodriquez, 323 F.3d 317, 318 (5th Cir. 2003). The 2002 version of U.S.S.G. § 2L1.2, under which Garcia-Marquez was sentenced, provides for an eight-level increase to the base offense level if the defendant previously was deported after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(C).

An aggravated felony is defined by 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, comment. (n.2). Section 1101(a)(43)(G), 8 U.S.C., provides that an aggravated felony includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." Garcia-Marquez was convicted in Kansas in 1995 for non-residential burglary and was sentenced to sixteen months of imprisonment.

The district court did not commit error by increasing Garcia-Marquez's base offense level by eight levels for a prior aggravated felony. Accordingly, the judgment of the district court is AFFIRMED.