United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20878
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MACIN-HERRERA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-359-ALL

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Armando Macin-Herrera, federal prisoner # 88375-079, appeals the district court's denial of his motion to recall his sentence. He argues that after he was convicted and sentenced, we held that burglary of a building and unauthorized use of a motor vehicle were not aggravated felonies under the amended version of U.S.S.G. § 2L1.2. See United States v. Rodriquez-Rodriquez, 323 F.3d 317, 319 (5th Cir. 2003). He argues that under the amended

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

version of U.S.S.G. § 2L1.2, his sentence, which was enhanced under the prior version of U.S.S.G. § 2L1.2 based on his prior convictions for burglary of a motor vehicle and auto theft, should be vacated and the case remanded for resentencing.

The district court did not have authority to reduce Macin-Herrera's sentence under 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, or Rule 35 of the Federal Rules of Criminal Procedure. Because the amendment to U.S.S.G. § 2L1.2 was not listed in U.S.S.G. § 1B1.10(c), the amendment cannot be given retroactive effect in the context of a 18 U.S.C. § 3582(c)(2) motion. See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996). Even if the motion were liberally construed as a 28 U.S.C. § 2255 motion, the district court would not have had authority to consider or grant it because it was not filed within the applicable one-year statute of limitations. See United States v. Thomas, 203 F.3d 350, 354-55 (5th Cir. 2000). Rule 35 provides for the correction of a sentence on remand, the reduction of a sentence for substantial assistance upon the Government's motion, and for the correction of a sentence by the sentencing court within seven days after imposition of the sentence. FED. R. CRIM. P. 35. Therefore, Rule 35 was not applicable to Macin-Herrera's motion. Macin-Herrera's motion was an unauthorized motion which the district court was without jurisdiction to entertain. See United States v. Early, 27

F.3d 140, 142 (5th Cir. 1994).  Accordingly, the district court's

denial of Macin-Herrera's motion is **AFFIRMED**.