REVISED AUGUST 27, 2002

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41029

_____


UNITED STATES OF AMERICA

                                        Plaintiff - Appellee

        v.

JOSE PRISCILIANO GRACIA-CANTU

                                        Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
August 9, 2002


Before KING, Chief Judge, and PARKER, Circuit Judge, and ELLISON,
District Judge.[*]

KING, Chief Judge:

    Defendant-Appellant Jose Prisciliano Gracia-Cantu appeals

his sentence imposed by the district court for a violation of 8

U.S.C. § 1326(a) & (b) (2000).  For the following reasons, we

VACATE Gracia-Cantu's sentence and REMAND for resentencing in

accordance with this opinion.

_____

    [*]  District Judge of the Southern District of Texas,
sitting by designation.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 14, 2001, the United States Border Patrol discovered Defendant-Appellant Jose Prisciliano Gracia-Cantu at the Falfurrias Border Patrol Checkpoint near Falfurrias, Texas. Gracia-Cantu was charged with the offense of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) & (b).[1]  On June 11, 2001, Gracia-Cantu pled guilty to the illegal re-entry charge.

---

[1]  Gracia-Cantu was deported on October 9, 1998 and on April 4, 2001.  He did not have permission from the Attorney General to re-enter the United States.  Section 1326 reads in relevant part:

> (a) Subject to subsection (b) of this section, any alien who –
>> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>> (2) enters, attempts to enter, or is at any time found in, the United States, unless . . . the Attorney General has expressly consented to such alien's reapplying for admission . . .
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.
> (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –
>> . . .
>> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.
>> . . .

8 U.S.C. § 1326.

The sentencing guideline applicable to a violation of § 1326 calls for a base offense level of eight. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2000).[2] This base offense level is increased by sixteen levels if the defendant has a prior conviction for an aggravated felony. Id. § 2L1.2(b)(1)(A) (2000). The presentence report (the "PSR") prepared by the United States Probation Office recommended a base offense level of eight, an increase of sixteen levels because of a prior Texas felony conviction for injury to a child, and a decrease of three levels because of Gracia-Cantu's acceptance of responsibility, for a total offense level of twenty-one.

The district court adopted most of the findings of the PSR, including the characterization of Gracia-Cantu's state felony conviction for injury to a child as an aggravated felony, resulting in an offense level of twenty-one.[3] The district court sentenced Gracia-Cantu to seventy months of imprisonment, two years of supervised release, and a mandatory special assessment of $100. This term of imprisonment is within the range

---

[2] Because Gracia-Cantu was sentenced on August 15, 2001, before the effective date of the 2001 version of the Sentencing Guidelines, the 2000 version applies. See United States v. Hill, 258 F.3d 355, 356 n.1 (5th Cir. 2001).

[3] After an objection by Gracia-Cantu, the district court declined to adopt the PSR's recommended criminal history category of VI. The district court determined that a criminal history category of V, rather than the recommended category of VI, was appropriate. Gracia-Cantu's criminal history category is not an issue in this appeal.

applicable to an offense level of twenty-one and a criminal history category of V.  U.S. SENTENCING GUIDELINES MANUAL ch.5, pt. A (sentencing table) (2000).

## II.  DISCUSSION

Gracia-Cantu appeals his sentence on the ground that the district court improperly classified his felony conviction for injury to a child as an aggravated felony and thus improperly enhanced his sentence.  Because Gracia-Cantu raises this argument for the first time on appeal, we review the district court's sentence enhancement for plain error.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).  We find plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  When these elements are present, we may exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal citations and quotations omitted) (alteration in original).

Under the sentencing guidelines applicable to a conviction for illegal re-entry pursuant to § 1326, a sixteen-level increase in offense level applies if the defendant's prior deportation followed a conviction for an "aggravated felony."  U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A).  The commentary on § 2L1.2 of

4

the sentencing guidelines adopts the definition of "aggravated

felony" in 8 U.S.C. § 1101(a)(43) (2000).  Under that definition,

"aggravated felony" includes "a crime of violence (as defined in

section 16 of Title 18, but not including a purely political

offense) for which the term of imprisonment [is] at least one

year."  Id. § 1101(a)(43)(F).  Section 16 of Title 18 defines a

"crime of violence" as:

> (a) an offense that has as an element the
> use, attempted use, or threatened use of
> physical force against the person or property
> of another, or
> (b) any other offense that is a felony and
> that, by its nature, involves a substantial
> risk that physical force against the person
> or property of another may be used in the
> course of committing the offense.

18 U.S.C. § 16 (2000).[4]  The central issue in this appeal is

whether Gracia-Cantu's state felony conviction for injury to a

child is an "aggravated felony" under this definition.

The Texas statute under which Gracia-Cantu was convicted for

injury to a child provides in relevant part:

> (a) A person commits an offense if he
> intentionally, knowingly, recklessly, or with
> criminal negligence, by act or intentionally,
> knowingly, or recklessly by omission, causes

---

[4]  Compare United States v. Charles, No. 01-10113, 2002 WL
1764147, at *2 (5th Cir. July 31, 2002) (holding that "sentences
involving possession of a firearm by a felon, which also involve
a prior conviction for an alleged 'crime of violence,' are to
have the 'crime of violence' determination made only in
accordance with the definition in § 4B1.2(a) [of the Sentencing
Guidelines]" rather than in accordance with 18 U.S.C. § 16)
(internal citation omitted).

> to a child, elderly individual, or disabled individual:
>     (1) serious bodily injury;
>     (2) serious mental deficiency, impairment, or injury; or
>     (3) bodily injury.

TEX. PENAL CODE ANN. § 22.04(a) (Vernon 2002).[5] Gracia-Cantu was originally sentenced to five years of deferred adjudication probation for his offense of injury to a child. However, Gracia-Cantu's probation was revoked on November 4, 1996, and he was sentenced to serve five years of imprisonment. Consequently, Gracia-Cantu's prior conviction satisfies the part of the definition of an aggravated felony requiring that the sentence imposed for the conviction be a "term of imprisonment [of] at least one year." See 8 U.S.C. § 1101(a)(43)(F). Therefore, if Gracia-Cantu's prior offense for injury to a child constitutes a "crime of violence" under 18 U.S.C. § 16(a) or (b), then the offense is an aggravated felony supporting a sixteen-level enhancement of Gracia-Cantu's offense level.

---

[5] In its brief, the government argues that, because the PSR does not identify the specific Texas statutory section pursuant to which Gracia-Cantu was convicted for injury to a child, "this court cannot conclude that it was error for the district court to order the enhancement or that the error was obvious." This argument is unpersuasive. The PSR states, in paragraph twenty-three, that Gracia-Cantu "was convicted of injury to a child." Section 22.04 is the only Texas statute that defines the offense of injury to a child.

6

### A.  18 U.S.C. § 16(a)

Gracia-Cantu persuasively argues that his prior offense does not constitute a crime of violence under 18 U.S.C. § 16(a) because section 22.04(a) of the Texas Penal Code, the statute criminalizing injury to a child, does not require that the perpetrator actually use, attempt to use, or threaten to use physical force against a child.  Rather, section 22.04(a) is results-oriented in that the culpable mental state must relate to the result of a defendant's conduct rather than to the conduct itself.  See Patterson v. State, 46 S.W.3d 294, 301 (Tex. App.–Fort Worth 2001, no pet.).  The government concedes that, because the statutory definition of the offense does not explicitly require the application of force as an element, 18 U.S.C. § 16(a) does not apply to Gracia-Cantu's offense of injury to a child.  Accordingly, we need not consider the issue further.

### B.  18 U.S.C. § 16(b)

Gracia-Cantu further argues that his offense for injury to a child is not a crime of violence under 18 U.S.C. § 16(b) because there is not a substantial risk that physical force will be used to effectuate the offense.  In support of his argument, Gracia-Cantu cites numerous cases involving offenses under section 22.04 that were committed through omissions rather than conscious acts.  Gracia-Cantu argues that because an offense of injury to a child often stems from an omission rather than an intentional use of

7

force, such offense is not, by its nature, a crime of violence within the meaning of 18 U.S.C. § 16(b).  We agree.

In United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001), this court held that the Texas felony offense of driving while intoxicated does not constitute a crime of violence under 18 U.S.C. § 16(b).  Id. at 927.  In reaching this conclusion, the Chapa-Garza court emphasized that:

> [T]he words "by its nature" [in 18 U.S.C.
> § 16(b)] require us to employ a categorical
> approach when determining whether an offense
> is a crime of violence.  This means that the
> particular facts of the defendant's prior
> conviction do not matter, e.g.[,] whether the
> defendant actually did use force against the
> person or property of another to commit the
> offense.  The proper inquiry is whether a
> particular defined offense, in the abstract,
> is a crime of violence under 18 U.S.C.
> § 16(b).

Id. at 924 (internal citation omitted).  Other decisions by this court likewise stress this categorical approach.  See, e.g., United States v. Landeros-Gonzales, 262 F.3d 424, 426 (5th Cir. 2001) (noting that "the statutory phrase 'by its nature' compels us to look only at the inherent nature of the offense to determine whether the offense constitutes a crime of violence") (internal citation and quotation omitted); United States v. Velazquez-Overa, 100 F.3d 418, 420-21 (5th Cir. 1996) ("[E]ither a crime is violent 'by its nature' or it is not.  It cannot be a crime of violence 'by its nature' in some cases, but not others, depending on the circumstances.").  We further clarified in

8

Chapa-Garza that a crime of violence as defined by 18 U.S.C. § 16(b) must involve "the substantial likelihood that the offender will intentionally employ force against the person or property of another in order to effectuate the commission of the offense." 243 F.3d at 927.

Utilizing the categorical approach endorsed by this court in Chapa-Garza and other cases, we focus only on the offense of injury to a child as defined under Texas law and not on the particular facts of Gracia-Cantu's conviction. Section 22.04(a) criminalizes acts or omissions that intentionally, knowingly, recklessly, or negligently result in injury to a child. See TEX. PENAL CODE ANN. § 22.04(a). Thus, as noted above, the culpable mental state relates to the result of a defendant's conduct rather than to the conduct itself. See Patterson, 46 S.W.3d at 301.

Because the offense of injury to a child is results-oriented, many convictions for this offense involve an omission rather than an intentional use of force. See Chapa-Garza, 243 F.3d at 926 (noting that "a parent who leaves a young child unattended near a pool may risk serious injury to the child, but the action does not involve an intent to use force or otherwise harm the child") (internal citation and quotation omitted); see also Patterson, 46 S.W.3d at 294 (involving a mother's conviction under section 22.04(a) for reckless injury to a child for failing to aid her children during their kidnapping); Dusek v. State, 978

9

S.W.2d 129 (Tex. App.–Austin 1998, pet. ref'd) (involving a mother's conviction for intentional or knowing serious bodily injury to a child for failing to remove her son from the presence of her abusive boyfriend and for the failure to provide medical care); Babers v. State, 834 S.W.2d 467 (Tex. App.–Houston [14th Dist.] 1992, no pet.) (involving a conviction for intentional or knowing injury to a child for failing to provide proper medical care for a burned child). As these examples illustrate, in many cases the offense of injury to a child does not involve the substantial likelihood of an intentional use of force. Thus, the offense is not, "by its nature," a crime of violence under 18 U.S.C. § 16(b). See Velazquez-Overa, 100 F.3d at 420-21. Accordingly, the district court's sixteen-level enhancement of Gracia-Cantu's offense level constitutes clear and obvious error.

Absent a prior conviction for an aggravated felony, Gracia-Cantu's total offense level would have been ten (a base offense level of eight, a four-level increase for a prior "nonaggravated" felony conviction, and a two-level reduction for acceptance of responsibility). U.S. SENTENCING GUIDELINES MANUAL §§ 2L1.2(a), (b)(1)(B) & 3E1.1(a) (2000).[6] An offense level of ten

---

[6] A defendant with a total offense level of ten is entitled to a two-level reduction for accepting responsibility. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a). A defendant with a total offense level greater than sixteen, however, may qualify for a three-level reduction for accepting responsibility. Id. at § 3E1.1(b).

10

corresponds to an imprisonment range of twenty-one to twenty-seven months.  Id. ch.5, pt. A (sentencing table).  In contrast, the offense level of twenty-one assigned to Gracia-Cantu corresponds to an imprisonment range of seventy to eighty-seven months, id., and the district court sentenced Gracia-Cantu to seventy months of imprisonment.  The dramatic increase in the recommended imprisonment range and in Gracia-Cantu's actual term of imprisonment affected his substantial rights.  See United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1999) (concluding that a two-fold increase in prison time affected the defendant's substantial rights).  Such a sentencing error also seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996) (finding that "the fairness and integrity of this judicial proceeding were seriously affected" by sentencing calculation errors).  Thus, the district court's sixteen-level enhancement of Gracia-Cantu's offense level constituted plain error.

### III.  CONCLUSION

For the foregoing reasons, we conclude that the district court's sixteen-level enhancement of Gracia-Cantu's offense level constituted plain error.  Accordingly, we VACATE Gracia-Cantu's sentence and REMAND for resentencing in accordance with this opinion.