IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40645
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO ARELLANO-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-01-CR-786-1)
--------------------
January 28, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alberto Arellano-Ramirez appeals his sentence imposed following his guilty plea to illegal re-entry into the United States. He had been deported following conviction for an aggravated felony. Arellano-Ramirez contends that the district court erred in imposing the 16-level enhancement under § 2L1.2(b)(1)(A) of the guidelines because first degree cruelty to children, under GA. CODE ANN. § 16-5-70(b) is not a crime of violence. As Arellano-Ramirez concedes, he lodged no timely

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection, so we review his enhancement for plain error only. United States v. Miranda, 248 F.3d 434, 443 (5th Cir. 2001).

Section 2L1.2(b)(1)(A)(2001) of the guidelines requires the addition of 16 levels to the base offense level if the defendant was previously deported after the commission of a crime of violence. The application notes define a crime of violence as "an offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another" and other enumerated crimes. U.S.S.G. § 2L1.2, comment. (n. 1(B)(ii)(I) and (II)); 18 U.S.C. § 16(a). Under the Georgia statute, the subject offense occurs when any person "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." GA. CODE ANN. § 16-5-70(b).

Arellano-Ramirez argues that Georgia law does not require proof of physical force to sustain a conviction under this statute. This argument fails, because a crime of violence may be perpetrated not only by the use of force but also by the attempted or threatened use of force. He also argues that the offense of malicious cruelty to a child can be committed by omission, as, for example, failing to seek medical care for a child. See United States v. Gracia-Cantu, 302 F.3d 308, 311-13 (5th Cir. 2002). If the statute did not require malice as an element, this argument might have some persuasive force. Failure to seek medical care with the malicious intent of causing a child to suffer excessive physical or mental pain is not, however, a simple omission.

2

Rather, it is, in effect, an act of physical force equivalent to a beating.  The sentence imposed by the district court based on the finding that the Georgia statute of first degree cruelty to a child defines a crime of violence is not even clear, much less plain error.  See Miranda, 248 F.3d at 443.

Arelleano-Ramirez also contends that the felony and aggravated felony provisions of § 1326(b)(1) and (2) are unconstitutional, both facially and as applied in this case.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (U.S. 1998), a decision that we are constrained to follow unless and until it should be overruled by the Supreme Court.  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.