IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21222
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO URIETA-BETANCOURT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-414-1
--------------------
February 17, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges

PER CURIAM:*

Francisco Urieta-Betancourt ("Urieta") appeals his 87-month sentence following his guilty-plea conviction for illegal reentry. The district court increased Urieta's base offense level by 16 on account of Urieta's prior Texas felony conviction for injury to a child, which the district court determined was an "aggravated felony" pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2000). Urieta was sentenced after the November 1, 2001, effective date of

_____

   *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the amendment to U.S.S.G. § 2L1.2 and, thus, he should have been sentenced under the 2001 version of the sentencing guidelines, not the 2000 version.  See 18 U.S.C. § 3553(a)(4)(A).

The Texas offense of bodily injury to a child is not a "crime of violence" under 18 U.S.C. § 16(a) or § 16(b), and thus is not an aggravated felony meriting the 16-level enhancement provided by U.S.S.G. § 2L1.2(b)(1)(A) (2000) or U.S.S.G. § 2L1.2(b)(1)(A) (2001), which tracks the definition of 18 U.S.C. § 16(a).  United States v. Gracia-Cantu, , ___ F.3d ___, 2002 WL 1827802 (5th Cir. 2002) (applying 2000 version of sentencing guidelines); see U.S.S.G. § 2L1.2, comment. n.1(B)(ii)(I).  Moreover, because the offense is not a "crime of violence" under 18 U.S.C. § 16(b), it follows that it also is not an aggravated felony meriting an eight-level enhancement under amended guideline U.S.S.G. § 2L1.2(b)(1)(C) (2001), which incorporates the 18 U.S.C. § 16 definitions.  See Gracia-Cantu, ___ F.3d at ___; U.S.S.G. § 2L1.2 comment. n.2 (2001).

Although Urieta did not object to sentencing under the 2000 guidelines or to application of the 16-level enhancement, the resulting sentencing error affected his substantial rights and therefore constituted plain error.  See Gracia-Cantu, ___ F.3d at ___.  On remand, however, the trial court may wish to consider an upward departure given the circumstances of Urieta's repeated bad conduct, including the assaults of his pregnant wife and child.

We **VACATE** Urieta's sentence and **REMAND** for resentencing in accordance with this opinion.