United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-51326
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO FELIX ESPINOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1169-ALL-DB
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Eduardo Felix Espinoza appeals his conviction and sentence for attempting to reenter the United States subsequent to removal and without the consent of the Attorney General in violation of 8 U.S.C. § 1326.

Espinoza contends that his indictment did not allege a prior aggravated felony conviction and that he was subject to a maximum sentence of two years under 8 U.S.C. § 1326(a). He asserts that his forty-one-month sentence is a violation of due process and

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the characterization of 8 U.S.C. § 1326(b)(2) as a sentence enhancement provision is unconstitutional.

Espinoza acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>Apprendi</u>, 530 U.S. at 489-90, 496; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, Espinoza's conviction is AFFIRMED.

Espinoza appeals his sentence on the ground that the district court improperly classified his Colorado felony conviction for stalking by causing emotional distress as a crime of violence and improperly increased his base offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Because Espinoza raises this issue for the first time on appeal, our review is for plain error. <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (<u>en</u> <u>banc</u>). We find plain error only if "(1) there was an error; (2) the error was clear and obvious, and (3) the error affected [Espinoza's] substantial rights." <u>United States v. Gracia-Cantu</u>, 302 F.3d 308, 310 (5th Cir. 2002). If these elements are established, we may exercise our discretion to correct the error "only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id.</u>

Under the applicable Sentencing Guidelines, a sixteen-level increase is applied to the base offense level if the defendant's prior deportation followed a conviction for a "crime of violence." United States Sentencing Commission, <u>Guidelines Manual</u>, § 2L1.2(b)(1)(A) (Nov. 2001). The commentary to § 2L1.2 lists certain offenses that are crimes of violence. U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)(II)). Espinoza's stalking offense is not one of the enumerated offenses.

The commentary also defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)(I)). We do not look to the facts underlying the stalking offense to determine whether it is a crime of violence. <u>United States v. Rodriquez-Rodriquez</u>, ___ F.3d ___, 2003 WL 549186, *1 (5th Cir. Feb. 27, 2003). We look "'only to the fact of conviction and the statutory definition.'" <u>Id.</u>

Espinoza was convicted of violating COLO. REV. STAT. § 18-9-111(4)(b)(III) (2003), which provides that a person commits stalking if directly, or indirectly through another person, such person knowingly:

> (III) Repeatedly follows, approaches, contacts, places under surveillance, or makes any form of communication with another person, a member of that person's immediate family, or someone with whom that person has or has had a continuing relationship in a manner that would cause a reasonable person to suffer serious emotional distress and does

cause that person, a member of that person's immediate family, or someone with whom that person has or has had a continuing relationship to suffer serious emotional distress.

COLO. REV. STAT. § 18-9-111(4)(b)(III) (2003). The statutory language shows and the Government concedes that Espinoza's offense does not include an element that contemplates proof of the use, attempted use, or threatened use of physical force against another person. Espinoza's stalking conviction is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A), and the addition of sixteen levels to his base offense level was clear and obvious error. Cf. Gracia-Cantu, 302 F.3d at 313.

If the district court had not characterized Espinoza's stalking offense as a crime of violence and added sixteen levels to his base offense level, Espinoza's total offense level would have been, at most, thirteen, and his sentencing guideline range would have been, at most, fifteen to twenty-one months' imprisonment. U.S.S.G. § 2L1.2(b)(1); sentencing table. The dramatic increase in the sentence that resulted from the error affected Espinoza's substantial rights. Cf. Gracia-Cantu, 302 F.3d at 313. "Such a sentencing error also seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. The addition of sixteen levels to Espinoza's base offense level constituted plain error. Accordingly, we VACATE Espinoza's sentence and REMAND for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.