United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41728
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO MATUTE-GALDAMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-853-1
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mauricio Matute-Galdamez challenges his conviction and

sentence for having been found unlawfully in the United States

subsequent to deportation, a violation of 8 U.S.C. § 1326(b)(2).

As an initial matter, Matute-Galdamez argues that the "felony"

and "aggravated felony" provisions of § 1326(b)(1) and (2) are

unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

(2000). Matute-Galdamez concedes that this issue is foreclosed

by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998),

but he seeks to preserve it for further review. This court must

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

follow the precedent in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Hopwood v. State of Tex., 84 F.3d 720, 722 (5th Cir. 1996). Matute-Galdamez's conviction is AFFIRMED.

Matute-Galdamez argues that the district court incorrectly increased his base offense level by 16 levels on the basis of his prior conviction for aggravated sexual battery, an offense the court deemed to be a crime of violence within the meaning of U.S.S.G. § 2L1.2. Because Matute-Galdamez raises this argument for the first time on appeal, the sentence imposed by the district court, based on the enhancement, should be reviewed under the plain error standard. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

Matute-Galdamez argues that KAN. STAT. ANN. § 21-3518 (2000), aggravated sexual battery, is not a crime of violence. A crime of violence is defined as (I) "an offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another; and (II) includes . . . forcible sex offenses." U.S.S.G. § 2L1.2, comment. (n. 1(B)(ii)(I) and (II)). The use of force "requires that a defendant intentionally avail himself of that force." United States v. Vargas-Duran, 356 F.3d 598, 599 (5th Cir. 2004). The question presented by this case is whether a sexual touching when accompanied by an act of coercion or the knowledge that the victim did not have the capacity to consent to the sexual act is

a crime of violence. In interpreting a similar Missouri sexual assault statute, this court held that such an act does not require the use of physical force against the victim as required under Vargas-Duran. United States v. Sarmiento-Funes, 374 F.3d 336, 339-42 (5th Cir. 2004). The reasoning of Sarmiento-Funes is binding in this case because the Kansas statute also allows for conviction for sexual intercourse "to which the victim assents, though that assent is a legal nullity, such as when it is the product of deception or a judgment impaired by intoxication." Id. at 341.

There is no foundation for the imposition of a 16-level enhancement because Matute-Galdamez's prior offense does not fall within the sentencing guidelines' definition of a crime of violence. The error is plain and must be corrected because the erroneous sentence affects Matute-Galdamez's substantial rights and impugns the fairness and integrity of judicial proceedings. See Gracia-Cantu, 302 F.3d at 313. Accordingly, Matute-Galdamez's sentence is VACATED and the case is REMANDED to the district court for resentencing in conformity with Sarmiento-Funes.

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.

EMILIO M. GARZA, Circuit Judge, dissenting in part:

For the reasons expressed in my dissents in <u>Vargas-Duran</u> and <u>Sarmiento-Funes</u>, I continue to believe that <u>Vargas-Duran</u> and <u>Sarmiento-Funes</u> were wrongly decided.  <u>See</u> <u>United States v. Vargas-Duran</u>, 356 F.3d 598, 610-16 (5th Cir. 2004) (Garza, J. dissenting); <u>United States v. Sarmiento-Funes</u>, 374 F.3d 336, 346-47 (5th Cir. 2004) (Garza, J. dissenting).