United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41714
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE ESTRADA-RODRIGUEZ, also known as Enrique
Jimenez-Abarran,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-741-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Estrada-Rodriguez (Estrada) challenges his

conviction and sentence for having been found unlawfully in the

United States subsequent to deportation, a violation of 8 U.S.C.

§ 1326. As an initial matter, Estrada argues that the "felony"

and "aggravated felony" provisions of § 1326(b)(1) and (2) are

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466

(2000). Estrada concedes that this issue is foreclosed by

<u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he seeks to preserve it for further review. This court must follow the precedent in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted). Estrada's conviction is AFFIRMED.

Estrada argues that the district court incorrectly used his prior Illinois conviction for aggravated battery of a child to increase his base offense level by 16 levels under U.S.S.G. § 2L1.2. Because Estrada raises this argument for the first time on appeal, the district court's application of U.S.S.G. § 2L1.2 is reviewed for "plain error." See United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002); see also United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc)(citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

Estrada argues that aggravated battery of a child, 720 ILL. COMP. STAT. 5/12-4.3 (1995), is not a crime of violence for purposes of U.S.S.G. § 2L1.2. Pertinent commentary to U.S.S.G. § 2L1.2 provides that "crime of violence" includes any offense under state law "that has as an element the use, attempted use, or threatened use of physical force against the person of another." See U.S.S.G. § 2L1.2, comment. (n.1(B)(iii).

Illinois's aggravated battery of a child statute does not require any bodily contact; it requires instead that the defendant intentionally or knowingly "cause[] great bodily harm

or permanent disability or disfigurement." See 720 ILL. COMP. STAT. 5/12-4.3. The statute provides that the harm may be effected "by any means." Id. Because aggravated battery of a child in Illinois can, but need not, involve the application of physical force to the child's person, it is not a crime of violence for purposes of U.S.S.G. § 2L1.2. See United States v. Calderon-Pena, ___ F.3d ___, 2004 WL 1888407 at *4 (5th Cir. 2004)(en banc). Accordingly, the district court's 16-level enhancement of Estrada's offense level was clear error.

Moreover, the district court's error affected Estrada's substantial rights inasmuch as the error resulted in a higher sentence than Estrada would have otherwise received. See United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1998).

Because the increase in the sentence that Estrada received as a result of the district court's erroneous application of U.S.S.G. § 2L1.2 was dramatic, this court will exercise its discretion to correct the error. See Gracia-Cantu, 302 F.3d at 313. Accordingly, Estrada's sentence is VACATED and the case is REMANDED to the district court for resentencing without the enhancement provided for by U.S.S.G. § 2L1.2.

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.

GARZA, Circuit Judge, dissenting in part:

Since I continue to believe that Vargas-Duran, Sarmiento-Funes and Calderon-Pena were wrongly decided, see United States v. Vargas-Duran, 356 F.3d 598, 610-16 (5th Cir. 2004) (Garza, J. dissenting); United States v. Calderon-Pena, 283 F.3d 254 (5th Cir. 2004) (Garza, J. dissenting) United States v. Sarmiento-Funes, 374 F.3d 336, 346-47 (5th Cir. 2004) (Garza, J. dissenting), I respectfully dissent in part.