**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 17, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-40738
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JONATHAN CHARLES FOWLER,

Defendant-
Appellant.

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1570-1
---------------------------------------------------------------

Before WIENER, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jonathan Charles Fowler challenges his sentence for transporting illegal aliens within the

United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i).  He argues, for the first time

on appeal, that the district court plainly erred under United States v. Booker, 125 S. Ct. 738 (2005),

when it sentenced him under a mandatory sentencing guidelines regime.

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He also contends that the six-point enhancement of his base offense level, imposed for his possession of a firearm during the offense, violated his Sixth Amendment rights because he did not stipulate to possessing a firearm during the offense. This court reviews such arguments for plain error. United States v. Valenzuela-Quevedo, ___ F.3d ___ (5th Cir. Apr. 25, 2005) (No. 03-41754), 2005 WL 941353 at *3; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). Under the plain error standard, this court may not correct an error raised for the first time on appeal unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." Mares, 402 F.3d at 520. (citing United States v. Cotton, 535 U.S. 625, 631 (2002)) (internal quotations omitted). "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

In Valenzuela-Quevedo, this court held that the mandatory application of the guidelines after Booker is an error that is plain. Valenzuela-Quevedo, 2005 WL 941353 at *4. The defendant, nonetheless, must show that his substantial rights have been affected. Id. To meet this burden, the defendant must establish that the error "affected the outcome of the district court proceedings." Id. citing United States v. Olano, 507 U.S. 725, 734 (1993). Likewise, this court has held that, where a defendant fails to raise in the district court the court's use of facts neither found by a jury nor admitted by the defendant to enhance the defendant's sentence, this court's review is for plain error. Mares, 402 F.3d at 520. A Booker error rises to the level of plain error only if the defendant can show that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result." Id. at 522.

At sentencing, the district court suggested that Fowler appeal his sentence in light of the absence of detailed instruction as to the application of the enhancement for possession of a firearm under U.S.S.G. § 2L1.1(b)(4)(C). Moreover, the overall tenor of the conversation between Fowler and the court indicated the court's willingness to grant Fowler favorable treatment, as evinced by the court's effort to assign Fowler to boot camp as opposed to prison. The district court also sentenced Fowler to the minimum sentence under the guidelines. As such, there is some evidence that the district court would have imposed a lesser sentence. See Valenzuela-Quevedo, 2005 WL 941353 at *4; Mares, 402 F.3d at 522. Because Fowler has demonstrated a likelihood that he would have received a lesser sentence under an advisory application of the sentencing guidelines, he has shown plain error that affected his substantial rights and has met the third prong of the plain error test. See United States v. Pennell, ___ F.3d ___, No. 03-50926, 2005 WL 1030123 at *5 (5th Cir. May 4, 2005).

This court has held that errors in sentencing guidelines calculations that increase a defendant's sentence seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002). Because Fowler has shown the likelihood that the errors in this case increased his sentence, he has shown that the errors seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Pennell, 2005 WL 1030123 at **5-6.

The district court's imposition of Fowler's sentence pursuant to a mandatory application of the sentencing guidelines and based on facts neither found by a jury nor admitted by Fowler was plainly erroneous. Accordingly, Fowler's sentence is VACATED, and this case is REMANDED to the district court for resentencing consistent with Booker.