United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50999
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EZEQUIEL HERNANDEZ-JUAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-64-1-WWJ
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ezequiel Hernandez-Juarez ("Hernandez") appeals the sentence
imposed following his guilty-plea conviction for being unlawfully
present in the United States following deportation.

We first address Hernandez's argument that the sentence-
enhancement provisions of 8 U.S.C. §§ 1326(b)(1) and 1326(b)(2)
are unconstitutional.  Hernandez concedes that this argument is
foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,
235 (1998), but he seeks to preserve this argument for further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003). The Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), also did not overrule Almendarez-Torres.  See Booker, 125 S. Ct. at 756.  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Mancia-Perez, 331 F.3d at 470 (quotation marks and citation omitted).

Hernandez also argues that his sentence is illegal under Booker because it was imposed pursuant to a mandatory application of the sentencing guidelines.  Because he did not raise a Sixth Amendment objection below, we review this issue for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Hernandez must demonstrate that (1) there is an error; (2) that is plain; and (3) that affects his substantial rights.  Id.  If these conditions are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

We first conclude that the district court committed an error that was plain by sentencing Hernandez under a mandatory application of the sentencing guidelines.  See United States v. Valenzuela-Quevedo, __ F.3d __, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).  At sentencing, the district court stated "I think the sentencing guidelines are too severe myself.

But as a judge, I'm bound by them." We conclude that this statement indicates that the district court would have imposed a lesser sentence under an advisory system. Therefore, Hernandez has met the third prong of the plain error test by showing that the error affected his substantial rights. See United States v. Pennell, __ F.3d __, No. 03-50926, 2005 WL 1030123 at *5 (5th Cir. May 4, 2005).

We have previously held that errors in sentencing guidelines calculations that increase a defendant's sentence seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002). Because Hernandez has shown the likelihood that the error in this case increased his sentence, he has shown that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Pennell, 2005 WL 1030123 at *5-*6.

The district court's imposition of Hernandez's sentence pursuant to a mandatory application of the sentencing guidelines was plainly erroneous. Accordingly, Hernandez's sentence is VACATED, and this case is REMANDED to the district court for resentencing consistent with Booker.