**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20887
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO MORALES-GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-252-ALL

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alberto Morales-Garcia pleaded guilty to being found in the United States following deportation in violation of 8 U.S.C. § 1326(a), (b)(1) and (b)(2). Because Morales-Garcia had been deported subsequent to a conviction for a drug trafficking offense, his offense level was enhanced by sixteen levels under the then mandatory Sentencing Guidelines. Morales-Garcia's argument that the treatment of prior convictions as sentencing factors rather than offense elements under 18 U.S.C. § 1326(b)(1), (b)(2) is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

Morales-Garcia contends and the Government concedes that the district court plainly erred in enhancing his offense level by sixteen levels because he had not been convicted of a felony drug-trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(I). Simple possession of a controlled substance does not qualify as a drug-trafficking offense for purposes of the enhancement. United States v. Caicedo-Cuero, 312 F.3d 697, 707 (5th Cir. 2002). Because the imposition of a sentence based on the unsupported enhancement is plain error that affected Morales-Garcia's substantial rights, the sentence imposed by the district court is VACATED, and the matter is REMANDED to the district court for resentencing. See United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002).

Morales-Garcia also argues that he should be resentenced because the district court erred in sentencing him under a mandatory guidelines scheme invalidated by United States v. Booker, 125 S. Ct. 738 (2005). Given that Morales-Garcia's sentence has been vacated, it is not necessary to address the Booker issue. See United States v. Southerland, 405 F.3d 263, 270 (5th Cir. 2005).

**SENTENCE VACATED and REMANDED FOR RESENTENCING.**