United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20649
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAUSTINO TRUJILLO-BAZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No.4:05-CR-29-ALL
--------------------

Before Jolly, Dennis, and Clement, Circuit Judges.

PER CURIAM:[*]

Faustino Trujillo-Baza appeals his 30-month sentence imposed following his guilty plea conviction to being found unlawfully present in the United States following deportation. Trujillo-Baza argues that the district court plainly erred in including two criminal history points in his criminal history calculation based on a prior 1988 Washington state felony drug conviction because he received a 13-month sentence for that conviction. Because Trujillo-Baza did not object in district court, our review is for plain error. United States v. Mares, 402 F.3d 511,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). We will find plain error if "(1) there was an error; (2) the error was clear and obvious, and (3) the error affected [the defendant's] substantial rights." United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). If these elements are established, we may exercise our discretion to correct the error "only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id.

The Guidelines provide that a sentence of less than one year and one month that is more than ten years old at the time of the instant offense should not be counted in determining a criminal history score. See U.S.S.G. § 4A1.1, comment. (n.2); U.S.S.G. § 4A1.2(e)(2). Thus, the district court erred in increasing Trujillo-Baza's criminal history points based on the Washington conviction. However, Trujillo-Baza has failed to show that the error affected his substantial rights because the district court could impose the same sentence upon remand and he has not shown that there is a reasonable probability that, but for the miscalculation of the Guidelines, the district court would have imposed a substantially lesser sentence. See United States v. Jones, 444 F.3d 430, 437-38 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

Trujillo-Baza argues that his sentence is unreasonable because he received one criminal history point for an uncounseled Illinois state guilty plea conviction. If a misdemeanor

conviction results only in a stand-alone sentence of probation, the Sixth Amendment right to counsel does not apply. United States v. Perez-Macias, 335 F.3d 421, 428 (5th Cir. 2003). The record does not reflect that any sentence other than one year of probation and $50 in costs was imposed at the time of Trujillo-Baza's guilty plea, and there is no indication that Trujillo-Baza received a suspended sentence. Illinois law does provide for sentences of probation alone. 730 ILL. COMP. STAT. ANN. 5/5-5-3 (West, Westlaw through Jan. 1, 2006). Thus, Trujillo-Baza was not entitled to counsel during that proceeding. In any event, once the Government proves a valid conviction the burden is on the defendant to show, by a preponderance of the evidence, that the conviction is constitutuionally invalid. United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995). Even if Trujillo-Baza had been entitled to counsel at his Illinois guilty plea, he has not carried his burden of showing that the conviction was uncounseled or that he did not competently and intelligently waive his right to the assistance of counsel. Thus, the district court did not err in assessing a criminal history point for the Illinois conviction.

Trujillo-Baza challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The argument is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Trujillo-Baza contends that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Trujillo-Baza] and has held that Almendarez-Torres remains binding despite Apprendi." United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Trujillo-Baza concedes as much, but he raises the argument to preserve it for further review.

The sentence is AFFIRMED.