United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50411
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GILBERTO CASTILLO-PALAFOX, also known as Roberto Castillo-Palacios, also known as Jose Gilberto Castillo-Palacios,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-234-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Gilberto Castillo-Palafox appeals his sentence for illegal reentry after deportation. Castillo-Palafox contends, for the first time on appeal, that the district court erred by applying a 16-level increase to his offense level, based on its finding that his 2002 state felony conviction for assault was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Castillo-Palafox's assault offense was committed under TEX. PENAL CODE ANN. § 22.01(a)(1) and (b)(2) (Vernon 2003), which does not set forth

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a crime of violence under § 2L1.2(b)(1)(A)(ii).  See § 2L1.2, comment. (n.1(B)(iii)) (reflecting that simple assault is not an enumerated offense constituting a "crime of violence"); United States v. Villegas-Hernandez, 468 F.3d 874, 882 (5th Cir. 2006)(determining that use of force is not an element of § 22.01(a)(1)), cert. denied, 127 S. Ct. 1351 (2007).  Given this prejudicial error, Castillo-Palafox's sentence is vacated and this matter remanded for resentencing in accordance with this opinion.  See Villegas-Hernandez, 468 F.3d at 885; United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002).[1]

SENTENCE VACATED; CASE REMANDED.

---

[1]The government argues that section 22.01(a)(1) had use of force as an element and is thus a crime of violence under section 2L1.2(b)(1)(A)(ii), citing *United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003).  However, *Shelton* was decided before this Court's en banc opinions in *United States v. Vargas-Duran,* 356 F.3d 598, 599-60 (5th Cir. 2004)(en banc), and *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004)(en banc).  As explained in *Villegas-Hernandez,* we clarified in those cases that an offense is a crime of violence under section 2L1.2 only if the use of force was both intentional and an element of the offense. 468 F.3d at 880-82.

No. 06-50411
-3-