# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 07-50305
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALVIN EARL FIELDS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-180-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Earl Fields appeals the sentence imposed following his guilty plea conviction for possessing a firearm subsequent to a felony conviction. Fields' 60 month sentence included an upward departure from criminal history category VI pursuant to U.S.S.G. § 4A1.3. Fields argues that the district court failed to clearly articulate the reasons in support of its upward departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to United States v. Booker, 543 U.S. 220 (2005), this court ultimately reviews sentences for reasonableness. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). An upward departure from an advisory guideline sentence is normally reviewed for an abuse of discretion. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Because Fields did not object to the district court's lack of reasons for the departure, we review for plain error. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). Regardless whether this court applies the abuse of discretion or the plain error standard of review, Fields cannot establish that the district court committed reversible error.

The district court indicated at sentencing that it was basing its decision to upwardly depart based upon the information contained in the presentence investigation report (PSR), which indicated that Fields' criminal history category substantially under represented his prior offenses or the likelihood that he would commit other crimes in the future. See U.S.S.G. § 4A1.3(a). The court's written statement of reasons similarly relied upon § 4A1.3(a). The PSR detailed that Fields had 14 adult convictions by the time he reached age 24. Fields' convictions, for which he was assessed criminal history points, included possession of marijuana, possession of controlled substances, theft, failure to identify, and criminal trespass. In addition, Fields was facing several state charges when he committed the instant offense. In light of Fields' criminal history category and the nature of Fields' prior offenses, the district court did not reversibly err in determining that Fields' prior criminal history was under represented. See United States v. Zuniga-Peralta, 442 F.3d 345, 348-49 (5th Cir.) cert. denied, 126 S. Ct. 2954 (2006).

Moreover, the extent of the upward departure was reasonable. The district court's 60-month sentence was 23 months more than the top of the advisory guidelines range but well below the 10-year statutory maximum for the offense. See United States v. Simkanin, 420 F.3d 397, 419 (5th Cir. 2005); United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.