# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2012

No. 10-11073

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL PEREZ,

Defendant - Appellant,

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:10-cr-00092-Y-ALL

Before BARKSDALE, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rafael Perez appeals his sentence for illegal reentry after deportation, arguing that the district court erred by applying an aggravated felony enhancement to his sentence based on his prior conviction for recklessly causing injury to a child. Applying the plain error standard of review, we AFFIRM his sentence because even assuming plain (clear or obvious) error, Perez cannot show that the assumed error affected his substantial rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11073

## I.

Perez pleaded guilty to reentering the United States illegally after deportation. His Presentence Investigation Report ("PSR") assigned him a base offense level of eight under U.S.S.G. § 2L1.2(a) and included an eight-level aggravated felony enhancement under Section 2L1.2(b)(1)(C) based on his prior Texas conviction for recklessly causing injury to a child. After a three-level decrease for acceptance of responsibility, his total offense level was 13. Perez's extensive criminal history justified a criminal history category of VI, bringing his Guidelines sentencing range to 33–41 months. The probation officer recommended that a greater sentence might be warranted because Perez's criminal history category inadequately reflected the severity of his prior offenses, his likelihood of recidivism, and the threat he would pose to the safety of the community.

Perez's attorney objected to the PSR, arguing that the Section 2L1.2(b)(1)(C) adjustment should be stricken for lack of proper documentation. In response, the probation officer supplied the documentation to the district court. At sentencing, the district court accepted the PSR's recommendations and departed upward under Section 4A1.3(a)(1), sentencing Perez to 60 months in prison and a three-year term of supervised release. Perez's attorney objected to the sentence imposed for the same reasons he had raised earlier regarding the PSR and on the basis of his comments at sentencing. The district court overruled those objections, and Perez filed this timely appeal.

## II.

Perez argues that recklessly causing injury to a child is not an aggravated felony, and thus, the district court erred by applying an eight-level sentencing enhancement under Section 2L1.2(b)(1)(C). In *United States v. Gracia-Cantu*, using the categorical approach, we held that causing injury to a child was not a crime of violence for aggravated felony enhancement purposes. 302 F.3d 308,

2

No. 10-11073

312–13 (5th Cir. 2002). Then in *Perez-Munoz v. Keisler*, we applied the modified categorical approach to recognize an exception to *Gracia-Cantu*. 507 F.3d 357, 362 (5th Cir. 2007). We explained that "in cases since *Gracia-Cantu*, we have held that it is permissible to use a charging instrument to pare down a statute to determine if a violation of part of a statute constitutes a crime of violence when the statute as a whole categorically does not." *Id.* at 361. As we explain below, even if the district court erred in applying the aggravated felony enhancement in this case, Perez's claim would still fail because he has failed to show that the assumed error affected his substantial rights.

Perez contends that his objection to the eight-level enhancement on the basis of the government's failure to produce sufficient documentation of his prior convictions preserved his argument for appeal. His documentation objection, however, did not put the district court on notice of the argument he raises here. Accordingly, Perez failed to raise his claim of error with the district court "in such a manner so that the district court may correct itself and thus, obviate the need for our review," *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks omitted). We therefore review for plain error.

To show plain error, an appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993). If an appellant makes that showing, we will only exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

## III.

Even assuming *arguendo* that Perez could prove clear or obvious error, his claim would fail because he fails to show that the assumed error affected his substantial rights. To make that showing, he must demonstrate a reasonable

No. 10-11073

probability that the assumed error resulted in a longer sentence. *See United States v. Davis*, 602 F.3d 643, 648 (5th Cir. 2010). Perez contends that if the district court had not applied the aggravated felony enhancement, his Guideline range would have been 24–30 months rather than 33–41 months. Thus, even if the district court had decided to depart upward 19 months (as it did here) in the absence of the aggravated felony enhancement, the resulting sentence would still be 11 months less than the sentence the court imposed after starting from the assumed erroneous guidelines range. At the sentencing hearing, however, the district court's focus was not on the 19-month departure, but instead on the above-Guideline 60-month sentence that it imposed. The district court expressed grave concerns regarding Perez's extensive criminal history, his likelihood of recidivism, and the constant threat he would pose to the safety of the community, explaining that "[a] sentence of 60 months is necessary to comply with the directives of 18 U.S.C. § 3553(a) and achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public." Perez has failed to bring forth any evidence from the record indicating that the district court's concerns with his criminal history would not have yielded the same 60-month sentence in the absence of the eight-level enhancement at issue here.[1] Accordingly, he has failed to show that the assumed error affected his substantial rights.

AFFIRMED.

---

[1] We note that this is not a harmless error inquiry like the one we undertook in *United States v. Ibarra-Luna*, which occurs when an error has been preserved in district court. 628 F.3d 712, 718 (5th Cir. 2010). There we explained that to show that an error in sentencing was harmless, the *proponent* of the sentence must "proffer sufficient evidence to convince the appellate court that the district court would have imposed the same sentence, absent the error." *Id.* (citations omitted). In this case, where we review for plain error, Perez must show that the error affected his substantial rights because there is a reasonable probability that his sentence would have been lower absent the error. *See, e.g.*, *Davis*, 602 F.3d at 647–48 (explaining that under plain error review, the opponent of the sentence "bears the burden of establishing reasonable probability" that his sentence would have been lower absent the error).