# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MISAEL TELLEZ-SOLORZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-361-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Misael Tellez-Solorzano appeals the 78-month sentence imposed following his guilty plea conviction of illegal reentry in violation of 8 U.S.C. § 1326. He argues that, because he was originally sentenced to deferred adjudication for his 2006 Texas kidnapping offense, he does not have a prior aggravated felony conviction and was, therefore, improperly sentenced under § 1326(b)(2). He also argues that, because the indictment failed to charge a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10208

prior conviction, his sentence violates the statutory maximum sentence allowed by § 1326(a).  He correctly concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 239 (1998), but he raises it to preserve it for further review.

Because Tellez-Solorzano did not object in the district court to the use of his 2006 kidnapping conviction as a basis for applying § 1326(b)(2), review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Tellez-Solorzano must show a forfeited error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

A term of deferred adjudication probation in Texas does not count as a term of imprisonment for purposes of § 1326(b)(2).  *Mondragon-Santiago*, 564 F.3d at 368-69.  Unlike in *Mondragon-Santiago*, however, Tellez-Solorzano's deferred adjudication was revoked, and, by the time of Tellez-Solorzano's 2013 removal, he had been adjudicated guilty of kidnapping and sentenced to a three-year prison term.  Therefore, the district court did not commit error, plain or otherwise, by sentencing him under § 1326(b)(2).  *See United States v. Gracia-Cantu*, 302 F.3d 308, 311 (5th Cir. 2002).

AFFIRMED.